**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MIDSHIP PIPELINE COMPANY, LLC,    )<br>            Plaintiff,                                    )<br>                                                               )<br>vs.                                                          )<br>                                                               )<br>TRACT NO. BR-0860.000, 2.331             )<br>ACRES OF LAND, MORE OR LESS,     )<br>PERMANENT EASEMENT (PIPELINE )<br>RIGHT OF WAY) IN BRYAN COUNTY,   )<br>OKLAHOMA, *et al.,*                             )<br>            Defendants.                                )  | Case No. 6:18-CV-302-RAW<br>The Honorable Ronald A. White |

**MEMORANDUM OF POSITIONS**
**OF CENTRAL LAND CONSULTING, LLC**
**AND RELATED DEFENDANTS**

Pursuant the Minute Order of Court entered on August 13, 2019, this Memorandum is submitted by Central Land Consulting, LLC and other related Defendants referred to herein as the "Central Defendants".

**I.    Statement of the Procedural Posture of the Case**

This is a condemnation case brought by Plaintiff, Midship under the Natural Gas Act, 15 U.S.C. § 717f(h) seeking to take private real property owned by the Defendants. The subject property consists of easements, the purpose and areal extent of which are described in Midship's application of May 31, 2017 to the Federal Energy Regulatory Commission ("FERC") for authorization of the Midship Pipeline. On August 13, 2018 FERC issued its order authorizing the pipeline, subject to the conditions state in therein. (*Third Amended Verified Complaint to Condemnation,*

1

Exhibit B: FERC Certificate Docket No. CP17-458-000; Dkt. # 656-2)

On September 4, 2018, Midship filed its Complaint. Midship filed amended complaints on December 19, 2018, (Dkt. # 593) April 15, 2019 (Dkt. # 659) and April 18, 2019 (Dkt. # 656). In each complaint, at paragraph 30, Midship states, "In no event is Midship seeking to condemn any rights not authorized by FERC as reflected in the Certificate."

II.     **Operational Status of the Midship Pipeline Project.**

    A.     **The Midship Pipeline Project is Severely Behind the Schedule Represented to the Court**

On December 28, 2018, Midship Pipeline Company, LLC through its Vice President, Francis James Privett, Junior, testified that the amount of time necessary to construct the pipeline is "222 days." (Transcript of Hearing, Dec. 28, 2018, Dkt. # 572-1) p. 91, lns 14-18)(hereinafter "Tr. 12/28/18") . Mr. Privett testified further that Midship would still "push to finish it before the liquidated damages provisions kick in in August of 2019." (*Id.* at p. 91 ln 21-23.). Notwithstanding Mr. Privett's, testimony, on January 10, 2019 Midship entered an agreement with its shippers to extend the liquidated damages dates by 180 days to February 3, 2020. Furthermore, Midship's representation to the Court that the pipeline construction could be completed in 222 days has proven to be wholly unrealistic. As of July 19, 2019, after 220 days of construction, no aspect of construction was complete. The first step in construction -- "clearing" -- is only 69% complete; the second step - "grading" - is only 63% complete; and the third step - "trenching" - is only 22%. (Midship Pipeline Company, LLC,

Weekly Project Progress Report July 13-19, 2019; FERC Docket No CP 17-458-000). The Midship Pipeline Project is at least six-months if not a year or more behind the schedule presented by Midship in Court on December 28, 2018.

### B.   Construction of the Midship Pipeline is in Excess of FERC Authorization and the Court's Order.

Construction of the Midship Pipeline has not been conducted as approved by FERC.  On July 3, 2019, FERC staff found the extent of Midship's noncompliance to be so severe that Midship was required to "immediately stop work on the remaining segments of the North Spread between MP [mile post] 66 and 119 (including the Velma Lateral) where clearing and grading have not occurred." (Letter from Terry L. Turpin, Director, Office of Energy Projects, FERC to Karri Mahmoud, Manager Regulatory Affairs Midship Pipeline Company, LLC, Re: MIDSHIP Project North Spread Non-compliances, July 3, 2019). This "stop work" order was in place until July 31, 2019. (Letter from Danny Laffoon, Chief, Gas Branch 1 Division of Gas— Environment and Engineering, FERC to Karri Mahmoud, of Midship, Re Authorization to Resume Clearing and grading Activities (July 31, 2019). Each week Midship's weekly progress reports and reports from the FERC Environmental Compliance Monitoring Program described numerous weekly instances of noncompliance and construction activities that go beyond the area approved by FERC and the Court.

## II.     Procedural Status of the Case

### A.     The Court's Order of Immediate Possession is Being Violated by Midship and Central Defendants will seek Relief from the Violations

On December 28, 2018, the Court heard Midship in support of its motion for immediate possession (Dkt # 117) and the Central Defendants' opposition thereto. On January 2, 2019, the Court executed its Order (Dkt # 622) awarding Midship immediate possession of easements sought.

As noted above, Midship's original and each Amended Complaint states that it does not seek to condemn rights not authorized by FERC. During the hearing, on December 28, 2019, the Court and Counsel for Midship, had the following exchange:

> MR. ZABEL:  Yes, Your Honor.  On that matter, so when we filed -- what you do with FERC is you file alignment sheets for your route --
> THE COURT:  Yes.
> MR. ZABEL:   -- that basically show your route, and the FERC approves those alignment sheets.  And the only thing that we can move forward on, once we get a certificate, is the actual easements on along the route that FERC has approved.
> So they approved a route. And then we found some stuff I guess in surveys that caused us to question whether we should do an alternative route on a small portion of the line. So we have filed for authority to do that alternate route.  But right now, we don't have it and we may never get it.  In this case, we have never joined those alternate tracts for the alternate route because we can't.
> We can't come to Your Honor and seek possession for –
> THE COURT:  If their -- if their land isn't subject to the FERC order.
> MR. ZABEL:  Correct.
> THE COURT:  Are you telling me we're going to have to do this again?
> MR. ZABEL:  Theoretically on about two tracts.  If FERC approves -- if FERC approves the re-route as to two tracts of land, then we could have to come back in and just address those two tracts.
> THE COURT:  There has been at least one case in which the court allowed the immediate entry, but restricted it to the tracts of land that were

4

>   covered by the FERC notice; correct?
>       MR. ZABEL: Right. And just to make it just abundantly clear, Your Honor, we have not mentioned in our complaint or sought in this case ever access to the tracts on the alternate route. Those are not part of this case. They will not become part of this case unless FERC approves it, whereupon we will amend our complaint and join those tracts as part of this case. They are not part of this case.
>       THE COURT: Okay. Well, I do find that the first element has been satisfied, that the condemnor here, Midship, does possess a FERC certificate of public convenience and necessity authorizing it to construct the pipeline regarding the defendants that are named in the amended motion. The whatever ruling I make here today will not be binding on those -- on those tracts which have not been mentioned or relief sought against in the amended motion.

(Tr. 12/28/18, Dkt. # 572-1, p. 15, ln. 2 – p. 16, ln. 23). Thus, the Court's Order (Dkt. # 622) of January 2, 2019, authorized Midship to possess areas approved by FERC in its Certificate issue on August 13, 2018 and nothing more. Midship has exceeded the Court Order.

Central Defendants will be presenting to the Court, claims for relief for Midship's violation of this Court's order. In addition, Central Defendants will be filing in the appropriate state district court, claims against Midship and its contractor for damages arising under the common law and statutes of the State of Oklahoma.

Defendant, the Anderson Family Trust – Tract Id: BR-0995.000; at Mile Post 195.75 is one of many examples of the intentional trespasses and the off-easement damage Midship and Strike has inflicted upon many Central Defendants. Midship's and it's Contractor's numerous continuing trespasses onto Defendant's property include, but are not limited to, the following: (1) Midship construction contractor employees leaving the FERC Certificate Easement Boundaries and entering a Defendant's private property to

5

swim in Sulphur Creek and engage in other unauthorized uses of Defendant's property. (2) Midship survey crews have trespassed on Anderson Family Trust property and place erosion control devices outside the boundaries set by the Court's Order and the FERC approved LOD; (3) Midship and its contractor have contaminated Landowner's livestock pond with pollutants flowing off of the easement. (4) Midship and its contractor have caused washouts, gullies, and erosional corridors to form on Landowner's land outside the easement thereby damaging farm and cattle operations. The conditions described above and other such violations of the Court order are depicted in exhibits which the Central Defendants will be prepared to present to the Court at the status conference.

### B.   The Court Ordered Procedure for Selection of Commissioners was not Triggered by Waivers from All Counsel and All *Pro Se* Defendants

On May 8, 2019, the Court heard Midship's Motion to Appoint Commissioners (Dkt. # 637) and the Central Defendants' opposition thereto. On May 9, 2019, the Court entered its Order (Dkt. # 663) that the Court will appoint a three-person commission to determine just compensation and two alternate commissioners. On May 31, 2019, entered its Order (Dkt. # 665) setting forth, among other things, the process for obtaining confirmation that all counsel and unrepresented parties waive the prohibition against any parties suggesting individuals for the Court to select as Commissioners. The Court stated, "If all counsel and unrepresented parties do not timely sign the waiver, the Court shall set statue hearing to discuss how to proceed." Counsel for Midship has filed status reports advising the Court that not all Counsel and unrepresented parties have executed waivers. (Dkt #  667, 668, 669).  Thereafter, the Court set the status conference in this matter for

6

August 20, 2019.

### C.   It is Premature to Commence Just Compensation Proceedings.

It is premature to commence that process for determining just compensation.[1] Midship has conducted extensive activities which are not authorized by the FERC and or the Court. Midship's unauthorized activities have not yet been presented to the Court. Moreover, Midship has sought and continues to seek variances from FERC which would, if granted, authorize Midship to go beyond the boundaries currently authorized by the Court. If FERC grants such variances, Midship's Complaint would need to be amended. Such variances have been sought or are pending in relation to property which is the subject of the case at bar, and in relation to land which is the subject of the condemnation case pending before the United States District Court for the Western District of Oklahoma.

### D. The Court's Order of Security

The Court issued its Order for posting of security (Dkt # 623) on January 3, 2019 and on that day Midship deposited $ 715,814 with the Court and filed a Surety Bond (Dkt # 624) in the same amount.

The Central Defendants will be seeking to withdraw the funds deposited by Midship. In addition, due to the actions of Midship outside of the FERC and Court

---

[1] At a more basic level, the Central Defendants' positions with regard to the appointment of a commission are that the Central Defendants' seek jury trials. The Central Defendants demanded a jury trial, opposed Midship's motion to appoint commissioners and continue to seek a procedure for determination of just compensation that mirrors the eminent domain procedures before the state courts in the State of Oklahoma. Notwithstanding the Central Defendants' positions, the Court has ruled and will appoint commissioners as determined in its Order (Dkt # 663).

authorized areas, the Central Defendants may seek an increase in the in amount of the security.

DATE: August 19, 2019

*s/ Harlan Hentges*
Harlan Hentges, OBA #17911
Hentges & Associates, PLLC
102 East Thatcher Street
Edmond, OK 73034
(405) 340-6554
(405) 340-6462
harlan@organiclawyers.com

**ATTORNEY FOR THE
CENTRAL DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of August, 2019, the foregoing Entry of Appearance has been filed and electronically served upon all counsel of record.

*s/ Harlan Hentges*