# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIDSHIP PIPELINE COMPANY, LLC,  )<br>　　　　　　　　　　　　Plaintiff  )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>2.331, 2.435, 0.458 ACRES, BRYAN  )<br>COUNTY, OKLAHOMA, (Tract  )<br>BR-0860.000), sued as 2.331 acres of land,  )<br>more or less, permanent easement (pipeline  )<br>right-of-way), 2.435 acres of land, more or  )<br>less, temporary work space and 0.458 acres  )<br>of land, more or less, additional temporary  )<br>work space in Bryan County, OK, *et al.*  )<br>　　　　　　　　　　　　Defendants.  ) | Case No. CIV-18-302-RAW<br><br>Date:　　08/20/2019<br>Time:　　11:02 a.m. – 11:55 a.m. |

## MINUTE SHEET – STATUS CONFERENCE

| Ronald A. White, Judge | T. Stephens, Deputy Clerk | K. Sidwell, Court Reporter<br>FTR - Courtroom 2 |
|---|---|---|

Counsel for Plaintiff:　　Thomas A. Zabel and Mason J. Schwartz
Counsel for Defendants:　Harlan Hentges, James Miller and Roger L. Ediger
Pro Se Defendants:　　　Larnell Dewayne Jones and Myrna R. Roberts

**Minutes:**
Appearances made. Comes on for Status Conference. Court addressed the parties Status Reports and inquired regarding their suggested options in proceeding in this matter. Plaintiff suggested to the Court that a hearing be held, parties notified by publication, given time to object and for the Court to appoint Commissioners pursuant to 71.1. Response by Defense Counsel Hentges, Ediger and Defendants Roberts and Jones. Plaintiff further suggested that the Court provide a list of Commissioners, give an opportunity to question the candidates, time to make objections, and then for the Court to appoint three Commissioners and two Alternates. Once that process is completed, plaintiff advised that the parties could then come up with a joint set of agreed instructions. Discussion regarding Rule 71.1, FERC, state law and just compensation. Defense Counsel Miller requested clarification regarding the appointment of commissioners with multiple counties being involved. Court responded. Further discussion regarding Court's 5/31/2019 Order (Dkt #665) and changes thereto. Court directed Plaintiff to make changes to that Order (Dkt #665) to fit the procedures discussed and to supply the Court with a Memorandum of changes or a redline version. Plaintiff was further directed to involve opposing counsel and opposing parties in the changes and to submit a final draft version to the Court by 9/13/2019. Objections shall be included in the draft in footnotes or may be filed separately. Plaintiff advised Court that they will notify parties that are represented by counsel and all parties not represented by publication or mailed to the last know addresses. Nothing further.

COURT ADJOURNED