IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MIDSHIP PIPELINE COMPANY, LLC** | |
| *Plaintiff*, | Case Number: 6:18-CIV-302-RAW |
| vs. | |
| **TRACT NO. BR-0860.000, 2.331 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), IN BRYAN COUNTY, OKLAHOMA,** *et al.*, | |
| *Defendants*. | |

**AMENDED ORDER REGARDING
THE APPOINTMENT OF COMMISIONERS
TO DETERMINE JUST COMPENSATON**

The Court held a status conference on August 20, 2019, concerning the appointment of commissioners in this proceeding. Appearing at the hearing were Thomas A. Zabel and Mason Schwartz, counsel for Plaintiff Midship Pipeline Company, LLC ("Midship"), attorneys Harlan Hentges and J. Randall Miller (counsel for Defendants associated with Central Land Consulting, LLC ("CLC Defendants"), attorney Roger L. Ediger (counsel for Defendants Monte Dean and Rhonda Marie Drennan, Frances Gayle Pletcher Revocable Trust, Frances Gayle Pletcher, Trustee (hereinafter, "the Padgitt Defendants") and Myrna R. Roberts and Larnell Dewayne Jones, appearing pro se.

After concluding the status conference, the Court issues the following directives as to the appointment of commissioners in this matter:

1

1. ***Selection of Commissioners***. Pursuant to Fed. R. Civ. P. 71.1(h)(2)(C) the Court will appoint three commissioners and one or more alternate commissioners, who shall reside within the Eastern District.

2. ***Notice of Appointment***. Once the Court has made its selection of candidates, the Court shall notify all counsel of the names, addresses and qualification of the three prospective commissioners and four prospective alternates. *See* Fed. R. Civ. P. 71.1(h)(2)(B) and (C). The Court shall direct each prospective commissioner and each prospective alternate to submit by way of letter to the Court, his or her proposed hourly rate within seven (7) days of the order. The Court will notify all counsel of record of the rates. Midship shall provide notice to all unrepresented parties of the names, addresses, qualifications and rates of the three prospective commissioners and four prospective alternates, and include with such notice a copy of this order, and shall send such notice to the address Midship possesses for each such party, and for those parties for whom Midship has no address, or for unknown owners in a tract, Midship shall publish such notice along with this order in a paper of general circulation in the county where the tract or tracts of land owned by such parties or owners and at issue in this proceeding are located.

3. ***Objections to proposed commissioners***. Within twenty (20) days from receipt of the Court's order selecting prospective commissioners or prospective alternates or notice of such appointment, a party may request to examine one or more of the prospective commissioners or alternates. The Court shall schedule the examination. Within twenty (20) days after the examination, parties may file objections to the prospective commissioners and prospective alternates setting forth the grounds for such objections.

4. ***Qualifications of Commissioners***. Per the Advisory Committee Notes to Rule 71.1

1

(h)(2)(C), the Court will endeavor to appoint as potential commissioners retired judges, attorneys well versed in real estate issues, licensed real estate brokers, or licensed real estate appraisers who are otherwise qualified to serve on the commission. The commission's chairperson should be an attorney or former member of the judiciary. *See* 1985 Advisory Committee Notes to Rule 71.1.

5. ***Order Appointing Commissioners***. After consideration of the parties' objections to prospective commissioners or prospective alternates, the Court will select the three commissioners and one or more alternates, or if necessary due to the sustaining of parties' objections or other circumstances, select other potential commissioners or alternates.

6. ***Instructions FRCP 71.1.(h) and FRCP 53(c)(d)(e) and (f)***. Within thirty days from the appointment of the final panel of commissioners and alternate(s), the Parties shall submit to the Court joint proposed commission instructions, including any points of disagreement and the reason for disagreement. Thereafter, the Court shall review the joint instructions and any disagreements and issue the Court's final set of instructions to the Commission with or without a hearing on the points of disagreement. After receipt of the Court's instructions, the Commissioners shall commence their activities in this matter.

7. ***Commissioners Compensation.***

    Midship shall be responsible for any and all expenses and fees associated with the Commission.

    Each commissioner shall be compensated using his or her regular hourly rate, plus reimbursement for mileage and other reasonable case-related expenses. To determine the commissioners' hourly rates, the following procedure is ordered:

        i.    Each commissioner shall submit monthly invoices to the Court, which

1

invoices should state the number of hours spent generally on all tracts and note time specifically spent on individual tracts, along with a description of services;

      ii.    Upon receipt of the invoices from commissioners, the Court shall review the invoices for accuracy and reasonableness. If approved by the Court, it shall forward the invoices to Midship; and

      iii.    The commissioners' invoices shall be paid by Midship within thirty (30) days from receipt. If Midship objects to any invoice, it shall file an objection within ten (10) days of receipt. After the Court resolves any objection, Midship shall pay the invoice within fifteen (15) days.

IT IS ORDERED that no date or procedure set by this Order can be changed except for good cause and upon written Order of this Court prior to the date scheduled.

IT IS SO ORDERED this 25th day of September, 2019.

*Ronald A. White*

HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT
JUDGE EASTERN DISTRICT OF
OKLAHOMA