## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MIDSHIP PIPELINE COMPANY, LLC,** | § § § § | |
| *Plaintiff,* | § § | **Case Number: 6:18-cv-302-RAW** |
| **vs.** | § § | **Judge:  Ronald A. White** |
| **TRACT NO. BR-0860.000, 2.331 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT OF WAY) IN BRYAN COUNTY, OKLAHOMA,** *et al.*, *Defendants.* | § § § § § § § § § § | |

## ORDER AND INSTRUCTIONS FOR COMMISSION

The Court orders as follows:

### Introductory Instruction

This is an eminent domain action brought by Midship Pipeline Company, LLC ("Midship") to acquire a non-exclusive easement from Defendant Landowners for a 36" natural gas pipeline, as authorized by the Federal Energy Regulatory Commission ("FERC"), in the interest of public convenience and necessity.

The term "eminent domain" describes a special legal proceeding in which Midship acquires private property for a public purpose. It is also called a condemnation proceeding.

The United States Constitution and Oklahoma Constitution allow private property to be taken for a public use if just compensation is paid to the owners of the property that is being condemned.  Pursuant to Federal Rule of Civil Procedure 71.1, the Court has appointed a Commission to assist the Court in determining the compensation owed.

In this case, the Natural Gas Act, 15 U.S.C. §§ 717a-z, gives Midship the right to acquire the non-exclusive easement subject to the requirement that compensation for such acquisition shall be assessed by the Commission. In your deliberations, you should not consider whether or not the taking was necessary, wise, or proper. That has already been decided, and it is not an issue in this case.

The Commission acts as an assessing body in determining just compensation. *Williams Natural Gas Co. v. Okla. City*, 890 F.2d 255 (10th Cir. 1989); *Parkes v. Natural Gas Pipe Line Co. of Am*., 249 P.2d 462 (OK 1952); Fed. R. Civ. P. 71.1 (h)(2)(C).

### General Instructions on Commissioners' Duties, Powers, and Report.

Pursuant to Rule 71.1, "[a] Commission has the powers of a master under Rule 53(c). Its action and report are determined by a majority. Rule 53(d), (e), and (f) apply to its action and report."  Fed. R. Civ. P. 71.1(h)(2)(D). Accordingly, the Court directs that the Commissioners shall: (1) regulate all Commission hearings and all proceedings related to these hearings, such as briefing at the discretion of the Commissioners; (2) take all appropriate measures to perform their assigned duties fairly and efficiently; and (3) exercise the same power as this Court to compel, take, and record evidence. Fed. R. Civ.

P. 53(c). The Commission shall establish its own procedures for filing and responding to motions. The Commission shall produce written orders as necessary, which the Commission shall forward to chambers for filing and service on each party. Fed. R. Civ. P. 53(d). Similarly, the Commission shall produce a written report on just compensation ("report") to the Court, which shall be filed and served on each party involved in a hearing. Fed. R. Civ. P. 53(e). The Commission may, in its discretion, issue a single report at the conclusion of all hearings, or issue reports on different dates regarding different properties grouped as it deems appropriate.

All written orders and reports shall be signed by the participating Commission members, and, as with all orders and reports, an electronic signature is sufficient. Evidentiary or procedural orders as recognized below that fall within the province of the Chairperson need only be signed by the Chairperson. The written orders and reports shall include all relevant findings of fact and conclusions of law; procedural orders need not be as comprehensive but should be sufficiently detailed to enable this Court to conduct adequate review when necessary. The United States Supreme Court has stated that "[c]onclusory findings are alone not sufficient," because a district court would "have no way of knowing what path the Commissioners took through the maze of conflicting evidence." *United States v. Merz*, 376 U.S. 192, 198 (1964). Thus, although "[t]he Commissioners need not make detailed findings such as judges do who try a case without a jury[,]" the Commissioners must nonetheless "reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on." *Id*.; *see also* 13 James W. Moore,

Moore's Federal Practice § 71.1.12[4] ("A report containing only conclusory statements and a summary of the evidence is clearly insufficient."). Additionally, not "every contested issue raised on the record before the [C]ommission must be resolved by a separate finding of fact[]" and there does not have to be "an array of findings of subsidiary facts to demonstrate that the ultimate finding of value is soundly and legally based." *Merz*, 376 U.S. at 198-199. Rather, the path followed by the Commissioners in reaching their decisions should be "distinctly marked." *Id*. at 199. The Commission is therefore "required to state not only the end result of their inquiry, but the process by which they reached it." *Id*.

Upon the filing of a Commission order or report, a party involved in the hearing with which the order or report is concerned may file specific and detailed objections to the Commission order or report no later than fourteen (14) days after a copy of a report is served. Fed. R. Civ. P. 53(f)(2). This shall constitute the party's notice of and opportunity to be heard on the order or report. Fed. R. Civ. P. 53(f)(1). The Court may in its discretion elect to receive evidence related to the order or report, but no oral argument or hearing on any objection will be held unless ordered by the Court. The parties should note that in acting on a Commission order or report, the Court may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the Commission with instructions the order or report. Fed. R. Civ. P. 53(f)(1).

A response to any objection to an order or report must be filed within seven (7) days of the objection. No reply briefs may be filed, unless specifically allowed by the Court. The Court will decide any objection to a conclusion of law or finding of fact made or

recommended by the Commission on a de novo basis. Fed. R. Civ. P. 53(f)(4). The Court will review the Commission's ruling on a procedural matter under an abuse of discretion standard. Fed. R. Civ. P. 53(f)(5). The Commission's report(s) on just compensation shall be submitted to the Court and filed of record. Fed. R. Civ. P. 71.1 and 53.

### Duties of Chairperson.

The Court has designated Mr. Chris D. Jones as the Commission Chairperson. The Chairperson shall make all discovery and evidentiary rulings related to all hearings in which he takes part and will ensure that the Commission adheres to any rulings by this Court. *See* 13 James W. Moore, Moore's Federal Practice § 71.1.12[1] ("A lawyer is often appointed by the court to function as Chairperson and to make evidentiary rulings."). In any hearing in which the Chairperson does not participate, he shall designate another Commissioner to assume the role of chairperson for that hearing and that designated Chairperson shall make all evidentiary rulings. The Chairperson shall also be responsible for conducting the hearing – *i.e.*, calling the hearing to order and supervising the proceedings. Finally, although all of the exhibits that have been admitted into evidence will go to the courtroom deputy following the filing of the report to which they pertain, the Chairperson is charged with maintaining control of the exhibits until delivery to the courtroom deputy.

### Location of Hearing.

Unless otherwise ordered by the chairperson or this Court, or stipulated by the parties, all hearings shall be held at such location or locations as the Commission shall

decide. Hearings may, as necessary, be held at locations convenient to the parties, counsel, or Commission members.

## Manner of Hearing.

Each property shall be the subject of a separate and distinct hearing before a panel of three Commissioners, unless the parties stipulate or the Commission decides that more than one property be combined into a single hearing (e.g., in the case of a Defendant property owner who owns more than one property upon which Plaintiff has obtained Easements). The manner of the hearings shall adhere to the conventions of a trial.

The parties through counsel shall give opening statements to the Commission, either at the commencement of the proceeding or immediately prior to the party presenting its evidence.  Evidence shall then be presented to the Commission. The parties through counsel shall then present an oral closing argument, after which time the panel shall take the matter under advisement and conduct subsequent deliberations that should result in a written report. The decision of the Commission is determined by a majority. *See* 13 James W. Moore, Moore's Federal Practice § 71.1.04[2][h] (stating that a Commission's "action and report are determined by a majority").

All hearings must be on the record through a registered court reporter. Plaintiff shall compensate any court reporter used at a hearing at the regular hourly rate of that reporter, in addition to travel expenses. The parties are responsible for the costs of obtaining a transcript just as they would be in any case. The reporter shall bill Plaintiff directly, and any issue surrounding billing or payment should be brought to the attention of the Court promptly.

**Duty in Deliberating.**

The Court cannot embody all the law in any single part of these instructions. One portion of the instructions should be considered in light of and in harmony with all the instructions. Whether certain instructions are applicable may depend upon the conclusions the Commission reaches on the facts. If a Commissioner has an impression that the Court indicated how any disputed fact should be decided, the Commissioner must put aside such impression because only the Commissioners determine such a matter. The Commission must not be influenced by any consideration of sympathy or prejudice. It is the Commission's duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions to the Commission's findings, and to render a decision accordingly. In fulfilling their duty, the Commissioners' efforts must be to arrive at a fair and just compensation award.

It is the Commissioners' duty to consult with one another and to deliberate with a view of reaching an agreement if they can do so without disturbing their individual judgment. Each of the Commissioners must decide each contested issue for himself or herself, but should do so only after an impartial consideration of the evidence in the case with their fellow Commissioners. In the course of the Commission's deliberations, no Commissioner should hesitate to re-examine his or her own views and change his or her opinion if he or she is convinced that it is erroneous. However, no Commissioner should surrender his or her honest conclusion as to the weight or effect of the evidence solely because of the opinion of his or her fellow Commissioners or for the mere purpose of

returning a decision. The Commissioners are the impartial triers of the facts. Their sole interest is to ascertain the truth from the evidence in the case.

### Federal Law Controls

This is a case brought by Midship under the Natural Gas Act, 15 U.S.C. §§717a-z. In federal condemnation actions, federal procedural laws and evidentiary rules control. *See   United States v. Miller*, 317 U.S. 369, 380, 63 S. Ct. 276, 283 (1943); *United States v. 93.970 Acres*, 360 U.S. 328, 333, 79 S. Ct. 1193, 1196 (1959).

The Commission proceedings shall be conducted as a trial in accordance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure, except where provisions of the latter are clearly inapplicable to Commission proceedings. *Hanna v. Plumer*, 380 U.S. 460, 469-74, (1965); *United States v. 60.140 Acres of Land in Warren & McKean Counties*, 362 F.2d 660, 665–666 (3d Cir. 1966); *Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement*, 962 F.2d 1192, 1199 (6th Cir. 1992); *City of Guymon v. Cal Farley's Boys Ranch*, 2006 U.S. Dist. LEXIS 76332*, *4 (W.D. Ok. 2006); *also* 13 James W. Moore, *Moore's Federal Practice* § 71.1.12[4], at 71.1-59 (noting that "[t]he Federal Rules of Evidence apply in all condemnation proceedings, whether tried before the court, a jury or a commission").

### General Instruction.

It is the duty of the Commission to determine the amount of just compensation payable by Plaintiff to each Defendant. Although the Commissioners are the sole finders of the fact, they are duty-bound to follow the law as stated in the instructions of the Court

and to apply the law to the facts as they find the facts from the evidence presented to the Commission. The Commission is not to single out any one instruction alone as stating the law, but must consider these instructions as a whole. No Commissioner is to be concerned with the wisdom of any rule of law. Regardless of any opinion that a Commissioner may have as to what the law ought to be, it would be a violation of that Commissioner's duty to base a decision upon a view of the law that contradicts the view given in the instructions of the Court, just as it would also be a violation of the Commissioner's duty, as a finder of the facts, to base a decision on anything other than the evidence in the case.

However, these instructions are not intended to state fully all rules of law that the Commission may find applicable. The recitation of any rules of law herein are not meant to exclude different or additional rules, except to the extent that any such rules contradict any statements on the law contained in these instructions. The Commission may make a formal request to the Court to clarify the current instructions or seek to include additional instructions as it deems necessary.

### Duties of the Commission.

Our system of law does not permit the Commission to be governed by prejudice, sympathy, or public opinion. The parties and the public expect that the Commission will carefully and impartially consider all of the evidence in the case and reach a just compensation decision regardless of the consequences.

### All Persons Equal Before the Law.

The Commission should consider and decide each hearing as an action between persons of equal standing in the community, of equal worth, and holding the same or

similar stations in life. All persons, whether corporations, a governmental entity, or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.

## Evidence

The evidence in each hearing consists only of the sworn testimony of the witnesses and all the exhibits that will have been received in evidence in that hearing, stipulations, and judicially noticed facts. To constitute documentary evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection. The evidence does not include any statements of counsel made during the hearing unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist the Commission, but they are not evidence.  The Commission is to consider only the evidence in the hearing. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.  4 Modern Federal Jury Instructions-Civil P 74.01; *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960); *Rasmussen Drilling, Inc., v. Kerr-McGee Nuclear Corporation*, 571 F.2d 1144 (10th Cir. 1978).

## Statistical evidence

Statistics are inherently slippery in nature, are not irrefutable, and, like any other kind of evidence, they may be rebutted.  FED-JI § 104.43

**Diagrams, charts, or summaries of opinion evidence of fair market value**

The testimony of an appraiser or an accountant as to any diagrams or charts or summaries, and any summaries or diagrams or charts admitted in evidence, are competent for the purpose of explaining or summarizing facts disclosed by the appraiser's or accountant's testimony, or by other testimony, or by photographs or maps or other documents that are in evidence. If you should find that such charts or diagrams or summaries do not reflect facts and figures shown by the testimony or other evidence in this case, then you should disregard them.  FED-JI § 154.57

**Burden of Proof**

In condemnation cases the landowner has the burden of establishing property values. *United States ex rel T.V.A. v. Powelson*, 319 U.S. 266, 273-74, 63 S. Ct. 1047, 87 L. Ed. 1390 (1943); *United States v. 10,031.98 Acres of Land*, 850 F.2d 634, 638 (10th Cir. 1988); *McAllester Urban Development Auth. v. Lorince*, 519 P.2d 1346, 1349 (OK 1973).

**Date of Taking**

Just compensation shall be determined as of the date of taking. Unless otherwise ordered by the Court in advance of a particular hearing, the date of taking is **January 3, 2019** – the date when Midship perfected its right to take possession by posting Court-ordered security.  *Horne v. Dep't of Agriculture,* 135 S. Ct. 2419, 2423 (2015) (citing to *Olson v. United States*, 292 U.S. 246, 255, 54 S.Ct. 704, 708, 78 L.Ed. 1236 (1934)); *N. Natural Gas Co. v. L.D. Drilling*, 862 F.3.d 1221, 1225 (10th Cir. 2017).

**Permanent Easement**

Midship has acquired through this condemnation proceeding certain limited rights in the owner's lands. The rights Midship acquired generally include a permanent non-exclusive pipeline easement, exclusive permanent Surface Site Easements, including but not limited to T-Tap Surface Site, Main Line Valve Site Easement, as well as  temporary workspace easements, as described and depicted in Verified Complaint for Condemnation with exhibits thereto, as amended, and in the Notice of Commencement of Condemnation with exhibits thereto, as amended. An easement creates a nonpossessory right to enter and use land in the possession of another  and obligates the possessor not to interfere with the uses authorized by the easement. It does not confer ownership of the land, only the right to use the land for the purpose of a natural gas pipeline, approved by the Federal Energy Regulatory Commission. The owner may use the area of the easement for all purposes consistent with the easement. Midship's easement rights are described in paragraphs 26-47 of Plaintiff's Verified Complaint, as amended. The easements to be taken are fully described and depicted in the certified plat attached to Midship's Complaint and exhibits thereto, as amended, and in the Notices of Commencement of Condemnation Action and exhibits thereto, as amended.   *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1265 (10th Cir. 2007) (citing to Restat. 3d of Prop: Servitudes, § 1.2 (3rd 2000)); *In re Amendments to Okla. Unif. Jury Instructions - Civil*, 2016 OK 90, ¶ 6.

**Temporary Easement**

In addition to the permanent easement involved in this litigation, Midship has obtained temporary easements for the purpose of constructing the natural gas pipeline. A

temporary easement is the right to use an area of land for a limited time and limited purposes. The measure of compensation for a temporary taking is the fair market value of the loss of use of the property taken. That fair market value is the fair rental value. *United States v. Virginia Electric & Power Co.*, 365 U.S. 624, 632, 81 S.Ct. 784 (1961); *United States v. General Motors Corp.*, 323 U.S. 373, 65 S. Ct. 357, 89 L. Ed. 311 (1945); *Kimball Laundry Co. v. United States*, 338 U.S. 1, 69 S. Ct. 1434, 93 L. Ed. 1765 (1946); *United States v. 77,819.10 Acres of Land*, 647 F.2d 104, 107 (10th Cir. 1981); *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374 (4th Cir. 1995); *United States v. Shewfelt Investment Co.*, 570 F.2d 290 (9th Cir. 1977); *Chi., Rock Island & Pac. Ry.Chi., Rock Island & Pac. Ry. v. Prigmore*, 1937 OK 275, ¶ 5, 180 Okla. 124, 125, 68 P.2d 90, 92; 3A Kevin F. O'Malley et al., Federal Jury Practice and Instructions (6th Ed.), Chapter 154, Eminent Domain, § 154.21.

### Just Compensation

The term "just compensation" means the amount of money that will make the Defendant Landowner whole—that is, the amount of money that will put the person whose property has been taken in as good a position as the person would have been had the taking not occurred. In this case, this amount of money includes (1) the fair market value of the easements on each property in question on January 3, 2019 (the date of the taking), plus (2) any injury to the property left remaining after the taking.  The fair market value of the property taken (here, the easements) is the amount of money which a buyer, who is willing but does not have to buy, would pay an owner, who is willing but does not have to sell, to

buy the property. The fair market value of the property should be determined according to the highest and best use for which it is suitable, regardless of what it may have been used for in the past or what future use the owner may have intended for it. The Commission's award must be based upon the fair market value of the easements on January 3, 2019, the date of the taking.   In determining the injury to the remaining property, you should determine how much, if at all, the fair market value of this property diminished as a result of the taking of the easements on January 3, 2019. The "remaining property" excludes the easements themselves but includes the land, any buildings or other things that are attached to the land, and any other interests connected with the use of the land, such as access to roads. If you find that some features of the easements on a property increased the value of the remaining property and others decreased the value of the remaining property, you should determine the total effect of these increases and decreases on the fair market value of the remaining property. If you find that the value of the remaining property stayed the same or increased, then you should award damages only for the fair market value of the easements on January 3, 2019. You may not offset an increase in the value of the remaining property against the award of damages for the easements.

The damages to the remaining property cannot exceed the fair market value of that remainder. *Schneberger v. Apache Corp.*, 1994 OK 177, ¶ 11, 890 P.2d 847, 849 (OK. 1994).

In determining just compensation, the Commission should not consider what the landowner has gained and the value of the easements taken to Midship and to its customers is not to be considered in any way. *Olson v. United States*, 292 U.S. 246, 255, 54 S. Ct.

704, 708, 78 L. Ed. 1236 (1934); *United States v. 20.53 Acres of Land*, 478 F.2d 484, 488
(10th Cir. 1973). *In re Amendments to Okla. Unif. Jury Instructions - Civil*, 2016 OK 90, ¶
6.

**Fair Market Value**

To determine the fair market value of property, you may consider evidence of
comparable sales of other property. Generally, the more similar one property is to another,
the closer their values are. In weighing evidence of a comparable sale, you should consider
how similar the other property is to the property that was taken. The following are some of
the many factors to consider:

1. How far away the other property is;

2. How similar the neighborhoods are in which the properties are located;

3. Any zoning or other restrictions on the uses to which the properties may be put;

4. The size, condition, and shape of the properties;

5. How close the date of the other sale was to the date of the taking;

6. The terms of the other sale; and

7. Whether the other sale was a voluntary, arms-length transaction.

No two properties are identical, and you will need to make appropriate adjustments
to account for differences between the properties.

The determination of just compensation in a condemnation case is a matter of sound
judgment and discretion based upon a consideration of all of the evidence the Commission
has heard and seen. A landowner whose property rights are taken must not be forced to
sacrifice or suffer by receiving less than full and fair value for what was taken. Just

compensation should enrich neither the Defendant Landowner at the expense of Midship nor Midship at the expense of the Defendant Landowner.

*United States v. 25.02 Acres of Land*, 495 F.2d 1398, 1400 (10th Cir. 1974); *In re Amendments to Okla. Unif. Jury Instructions - Civil*, 2016 OK 90, ¶ 6.

### Highest and Best Use.

The property subject to the non-exclusive easement must be valued at its worth for the most valuable use which it may reasonably, lawfully and practically be used. This is called highest and best use.  Highest and best use contemplates a present existing use or one reasonably likely to take place in the immediate of near future, whereby availability of this future use would have affected the market price. A "highest and best use" must be legally permissible, financially feasible, maximally productive, and physically possible. In the absence of proof to the contrary, the highest and best use of property is presumed to be its current use. *United States v. 77,819.10 Acres of Land*, 647 F.2d 104, 110 (10th Cir. 1981); *United States v. 46672.96 Acres of Land*, 521 F.2d 13 *16 (10th Cir. 1975); *United States v. L.E. Cooke Co.*, 991 F.2d 336, 341 (6th Cir. 1993).

### Speculative Damages.

Damages which are speculative and which have not been proved with a reasonable degree of certainty are not to be considered in making just compensation determinations. *Olson v. United States.*, 292 U.S. 246, 54 S. Ct. 704 (1934); *United States v. 494.10 Acres of Land*, 592 F.2d 1130, 1132 (10th Cir. 1979).

### No Increase or Decrease Due to the Necessity of Taking

The value is not to be increased or decreased because of the necessity of Midship to take the easements nor because these proceedings require the owners to part with their exclusive use of the lands burdened by the easements, nor because of any benefits that may accrue to the owners because of the natural gas pipeline. *City of Cushing v. Buckles*, 273 P.346, 348 (OK 1928).

### Damages from Alleged Torts.

The sole issue to be determined in these hearings is the amount of just compensation owed by Midship to the landowner for the taking of the easements. All evidence of damages caused to the landowner's property or improvements thereon by negligence, nuisance, or trespass, if any, committed during construction of Midship's pipeline or post-construction restoration must be excluded from the just compensation hearings. *United States v. 79.20 Acres of Land*, 710 F.2d 1352, 1356 (8th Cir. 1983); *United States v. 101.88 Acres of Land*, 616 F.2d 762, 772 (5th Cir. 1980); *Columbia Gas Transmission v. 252.071 Acres, More or Less, in Baltimore City*, 216 U.S. Dist. LEXIS 15138865, *11-12 (D. Md. 2016); *Curtis v. WFEC R.R. Co.*, 2000 OK 26, ¶ 15, 1 P.3d 996, 1000.

### Lost profits, lost development opportunities, or frustration of plans are not recoverable

Just compensation does not include such consequential damages as lost profits, lost development opportunities, or frustration of plans. *United States v. General Motors Corp.*,

323 U.S. 373, 379-80 (1945); *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 166 F.3d 1064, 1073 (10th Cir. 1999); *Questar Pipeline Co. v. 94.86 Acres of Land*, 2011 U.S. Dist. LEXIS 25844*, *6 (Dist. Utah 2011).

### Damages Common to the Public

Damage to the residue resulting from the exercise of eminent domain may be recovered only for damages not common to the public. *Batten v. United States*, 306 F.2d 580, 584 (10th Cir. 1962).

### Opinion Evidence as to Fair Market Value

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state opinions as to relevant and material matter in which they profess to be expert, and may also state their reasons for their opinions.  The opinion testimony of an expert witness as to the fair market value may be based upon education, study, experience, investigation, knowledge of the property, prices paid for similar property in the vicinity, and all reasons given by the expert witness as the basis for his opinion, and must be founded upon substantial data, not mere conjecture, speculation or unwarranted assumption.  *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966); *Durell v. Pub. Serv. Co. of Oklahoma*, 1935 OK 1103, 174 Okla. 549, 51 P.2d 517, Syl. Pt. 2 (Ok. 1935); *Kamo Elec. Coop., Inc. v. Nichols*, 2017 OK CIV APP 60, ¶ 11, 406 P.3d 36, 39.

**Landowner's Testimony**

The Landowner may testify as to her/his land's value, if she/he has a fair knowledge of the property and its value when and where destroyed.  The owner's qualification to testify does not change the "market value" concept and permit her or him to substitute a "value to me" standard for the accepted rule, or to establish a value based entirely upon speculation. To have probative value, that opinion or estimate must be founded upon substantial data, not mere conjecture, speculation or unwarranted assumption. It must have a rational foundation. *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir.1966); *Poteet v. MFA Mut. Ins. Co.,* 1974 OK 110, 527 P.2d 18, 21 (OK 1974).

**Evidence as to Offers for Sale of Comparable Properties**

If evidence is propounded as to offers for sale of allegedly comparable properties in the vicinity and in other areas, such evidence should be considered to the extent that you find it assists you in arriving at your own finding as to market value.  The general rule is that unaccepted offers are not competent evidence of value. *Sharp v. United States*, 191 U.S. 341, 348, 24 S.Ct. 114, 115 (1903). *United States. v. Regents of New Mexico School of Mines*, 185 F.2d 389, 391 (10th Cir.1950); FED-JI § 154.63

**Sales in Anticipation of Condemnation**

You may have heard of other sales of easements to pipeline companies seeking to acquire easements by eminent domain. Sales to pipeline companies seeking to condemn pipeline easements cannot be used to establish fair market value. *United States v. 46672.96*

*Acres of Land*, 521 F.2d 13*, *17 (10th Cir. 1975).  A pipeline company condemning land might be willing to give more than it is worth, and the owner of land might be willing to take less than what it is worth, rather than have a lawsuit. Thus, such forced sales should not be considered by you in determining fair market.  *Id.*;  *United States v. 25.02 Acres of Land,* 495 F.2d 1398, 1401 (10th Cir. 1974).


### Use of Linear Valuation Methodology

You may have heard of "per rod" or "per foot" as a methodology for the determination of a customary "going rate." But while customary rates may offer a convenient pricing system in other settings, "going rates" cannot be used as a proxy for market value in federal acquisitions requiring payment of just compensation.  Going rates tend to reflect non-compensable considerations above the market value of the property acquired, such as avoiding the cost of condemnation or other litigation, and economic pressures to complete construction and place the planned facility or infrastructure in operation .  *United States. v. Virginia Electric Co.*, 365 U.S. 624, 630, 81 S. Ct. 784, 789 (1961); *United States v. 8.41 Acres of Land in Orange Cty.*, 680 F.2d 388, 392 (5th Cir. 1982); *Questar Southern Trails Pipeline Co. v. 3.47 Acres of Land,* No. CIV 02-10 BB/LFG July 31, 2003 (D. N.M. 2003);  *Kamo Elec. Coop., Inc. v. Nichols*, 2017 OK CIV APP 60, 406 P.3d 36; *Okla. Tpk. Auth. v. Deal*, 1965 OK 57, ¶¶ 16-17, 401 P.2d 508, 511; *Cities Service Gas Company v. Beck*, 1975 OK CIV APP 16, 534 P.2d 27, 28; Uniform Appraisal Standards for Federal Land Acquisitions, 2016.

## Timber/Crops

Standing timber, shrubbery and crops are a part of the land and are to be valued as part of the land to the extent they contribute value thereto. These items cannot be separately valued as an item additional to the value of the land. *United States v. Shoshone Tribe of Indians*, 304 U.S. 111, 116 (1938); *City of Tulsa v. Lloyd*, 263 P. 153, 153 (OK 1935); *Young v. Spencer*, 405 P.3d 701, 704 (Ok. Civ. App. 2017).

## Mineral Damages

In the present action, Midship is seeking condemnation of a non-exclusive easement across the defendant properties for its FERC-approved natural gas pipeline. Midship is not seeking to condemn any minerals. In the case of land that is underlaid with marketable minerals, and you find that the mining, production or removal of same will be adversely affected by the imposition of the easements condemned by Midship, the existence of those minerals is a factor of value to be considered in determining the market value of the property as a whole, but the landowner is not entitled to have the surface value of the land and the value of the underlying minerals determined separately and then aggregated to determine market value of the land. The value of the mineral deposit is to be considered only to the extent to which it goes into and affects the over-all market value of the property—to the extent it enhances the per acre value of the land. And it is not permissible to determine the value of a mineral deposit by estimating the number of tons in place and then multiplying the tonnage by a unit price per ton. *United States v. 179.26 Acres of Land*, 644 F.2d 367, 372-73 (10th Cir. 1981).

**Lot Development**

In a condemnation action, evidence of the value of the property for any use to which it is reasonably adapted, is admissible, but such evidence must be limited to a bare statement why the property is adapted for a particular purpose and to testimony of its value for such purpose. Where the land is unimproved, but there was a showing of adaptability for subdivision purposes, valuation must be based upon the whole subdivision and not the "lot method" approach to valuation.  The measure of compensation is not the aggregate of the prices of the lots into which the tract could be best divided, since the expense of clearing off and improving the land, laying out streets, dividing it into lots, advertising and selling the same, holding it, and paying taxes and interest until all the lots are disposed of cannot be ignored, and is too uncertain and conjectural to be computed.  *United States v. 6.09 Acres of Land*, 140 F. Supp. 3d 1218, 1247 (N.D. Ala. 2015); *City of Tulsa v. Biles*, 360 P.2d 723, 725-26 (Ok. 1961); 4 Nichols on Eminent Domain § 12B.14 (2019).

**Right-of-Way Restoration**

In determining just compensation in this matter, the Commissioners must assume that Midship has complied and will comply with the terms of the Certificate of Public Convenience and Necessity (Dkt. 1-3), and the Final Environmental Impact Statement (Dkt. 1-5 through 1-14) regarding restoration. Any claims that Midship has failed or will fail to do so are not a proper subject of these proceedings. *Am. Energy Corp. v. Rockies Express Pipeline LLC*, No. 2:09-cv-284, 2009 U.S. Dist. LEXIS 59972, 2009 WL 2148197, at *3 (S.D. Ohio July 14, 2009) (the FERC has exclusive jurisdiction over the conditions of a FERC certificate); *Am. Energy Corp. v. Rockies Express Pipeline LLC, 622 F.3d 602,*

*605* (6th Cir. 2010) ("Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court." ); *Rover Pipeline, LLC v. 10.055 Acres of Land*, No. 5:17-CV-239, 2018 U.S. Dist. LEXIS 217574, at *20-27 (N.D. Ohio Dec. 28, 2018) (disallowing evidence of speculative losses caused by alleged failure to de-compact or restore productivity which would effectively bypass the conditions of FERC Certificate).

### Verdict — Single Sum Only

You are instructed that your award in this case shall be for a single sum of money. Do not award separate sums of money for each portion of property taken or each item of damage that Owner(s) suffered on account of the taking. Also, do not award separate sums of money for each of the owners of the property being taken.

*In re Amendments to Okla. Unif. Jury Instructions - Civil*, 2016 OK 90, ¶ 6.

### Supplements to the Commission Instructions.

Any supplemental instruction must be made specifically and in writing to this Court thirty (30) days prior to a scheduled hearing. Any responsive memorandum shall be filed within fourteen (14) days thereafter. No reply memorandum is permitted. A requested supplemental instruction filed after the deadline shall be stricken unless permitted by this Court for good cause shown and the party filing the untimely supplemental instruction shall be deemed to have waived or forfeited the instruction. Parties should not resubmit previously rejected instructions through this process.

## Compensation of Commissioners

Each Commissioner shall be compensated using a uniform hourly rate of $250.00 per hour as provided to the Court and the parties, plus reimbursement for mileage and other reasonable case-related expenses. To determine the Commissioners' compensation, the following procedure is ordered:

      i.      Each Commissioner shall submit monthly invoices to the Court, which invoices should state the number of hours spent generally on all tracts and note time specifically spent on individual tracts, along with a description of services;

      ii.     Upon receipt of the invoices from Commissioners, the Court shall review the invoices for accuracy and reasonableness. If approved by the Court, it shall forward the invoices to Midship; and

The Commissioners' invoices shall be paid by Midship within thirty (30) days from receipt. If Midship objects to any invoice, it shall file an objection within ten (10) days of receipt.

## Compensation of Court Reporters.

Midship shall compensate any court reporter used at a hearing at the regular hourly rate of that reporter, in addition to travel expenses. The parties are responsible for the costs of obtaining a transcript just as they would be in any case. The reporter shall bill Plaintiff directly, and any issue surrounding billing or payment should be brought to the attention of the Court promptly.

IT IS SO ORDERED THIS 29th day of April, 2021.

_____

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA